**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILBERT BRADLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-191-JWD-RLB** |
| **GARY WESTCOTT, ET AL.** | |

### ORDER

Before the Court is a Motion to Stay Discovery and Reset Deadlines filed by Gary Westcott, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections. (R. Doc. 34). The motion is opposed. (R. Doc. 38). Secretary Wescott filed a Reply Memorandum. (R. Doc. 42).

### I.     Background

On February 25, 2026, Wilbert Bradly ("Plaintiff") commenced this federal civil rights action, asserting that he was over-detained past his release date by the Louisiana Department of Public Safety and Corrections ("DPSC"). (R.. Doc. 1). Plaintiff sued Secretary Wescott, "in his official capacity solely for purposes of declaratory and prospective injunctive relief," and various John Doe defendants. (R. Doc. 1 at 2).

On June 18, 2026, Plaintiff's First Amended Complaint for Damages and Jury Trial Demanded ("First Amended Complaint") was filed into the record. (R. Doc. 32). In this amended pleading, Plaintiff again names Secretary Wescott as a defendant solely in his official capacity, further identifying Jaine Babel, in her individual (*i.e.*, personal) capacity, as one of the John Doe defendants. (R. Doc. 32 at 2). While summons have been issued with respect to Jaine Babel, she has not made an appearance in this action.

On July 2, 2026, Secretary Wescott, in his official capacity, filed a Rule 12 Motion to Dismiss First Amended Complaint. (R. Doc. 33). In this motion, Secretary Wescott asserts, among other things, that Plaintiff's claims are barred by the *Heck* doctrine[1] and that Secretary Wescott is entitled to the defense of qualified immunity. (R. Doc. 33-1 at 6-13).

That same day, Secretary Wescott, again in his official capacity, filed the instant Motion to Stay Discovery and Reset Deadlines. (R. Doc. 34). In this motion, Secretary Wescott asserts that "Plaintiff now brings a claim for damages against Wescott in his personal capacity." (R. Doc. 34 at 2, R. Doc. 34-1 at 2). Secretary Wescott seeks a stay of discovery in light of the qualified immunity defense raised in the Motion to Dismiss.

In opposing the Motion to Stay Discovery and Reset Deadlines, Plaintiff argues that (1) Secretary Wescott was only sued in his official capacity, and therefore does not have a qualified immunity defense as a matter of law; (2) Defendant Jaine Babel has not made an appearance, and therefore has not raised any potential qualified immunity defense; and (3) a blanket stay of all discovery would not be appropriate even if the qualified immunity defense had been properly raised. (R. Doc. 38).

In reply, Secretary Wescott appears to concede that his qualified immunity defense is improper, but nevertheless asserts that a stay is merited for the other reasons asserted in the Rule 12 motion. (R. Doc. 42).

## II.    Law and Analysis

### A.    Legal Standards

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

---

[1] The *Heck* doctrine precludes recovery under Section 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 12 U.S. 477, 487 (1994).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted).  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer is a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013). "A stay while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion

to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id*. at 310-314. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

**B.      Analysis**

As detailed above, a stay of discovery is merited where a public official, sued in his or her personal capacity, properly raises a defense of qualified immunity. That said, the record

4

supports a finding that Secretary Wescott raises the qualified immunity defense based upon the false premise that Plaintiff has asserted, in his Amended Complaint, a new claim against Secretary Wescott in his personal capacity. The amended pleading does no such thing. Plaintiff expressly sues Secretary Wescott solely in his official capacity as Secretary of the DPSC. It is in this same official capacity that Secretary Wescott brought his Motion to Dismiss and the instant Motion to Stay Discovery.

Qualified immunity does not apply in the context of a public official being sued solely in his or her official capacity for prospective injunctive relief. *See Meekins v. Foster*, 212 F.3d 595 (5th Cir. 2000) ("Because we have dismissed the damages claims against the defendants in their official capacities and have not addressed the availability of damages against the defendants in their individual capacities, the only remaining question is whether qualified immunity is available as a defense in suits for injunctive relief against defendants in their official capacities. It is not.") (citing *Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985) (qualified immunity not available as a defense in official capacity actions); *Wyatt v. Cole,* 928 F.2d 718, 722 (5th Cir.) (same), *rev'd on other grounds,* 504 U.S. 158 (1992); *Mangaroo v. Nelson,* 864 F.2d 1202, 1208 (5th Cir. 1989) (qualified immunity has no relevance when injunctive relief is sought)).

In sum, it is inappropriate to stay discovery in light of Secretary Wescott's qualified immunity defense raised in the pending Motion to Dismiss because that Plaintiff has not raised any claim for monetary damages against Secretary Wescott in his personal capacity. Secretary Wescott acknowledges this in his Reply, noting that "if Plaintiff does not seek monetary damages against him, he cannot assert a qualified immunity defense." (R. Doc. 42 at 1). The Court need not reach the remaining arguments raised by Plaintiff.

In reply, Secretary Wescott argues, for the first time, that a stay of discovery is merited based upon the other reasons raised in the filed Rule 12 motion. Secretary Wescott did not raise this argument in support of his initial filing, and does not otherwise establish good cause to stay discovery simply in light of a dispositive motion. *See MMR Constructors, Inc. v. JB Grp. of LA, LLC*, No. 22-267, 2022 WL 5310816, at *4 (M.D. La. Oct. 6, 2022) (denying motion to stay discovery pending resolution of dispositive relief sought); *Plain v. Allied Trust Ins. Co.*, No. 26-319, 2026 WL 1832371, at *1 (M.D. La. June 25, 2026) ("No federal or local rule, statute, or binding case law applicable in this case automatically stays discovery pending a ruling on a dispositive motion."); *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) ("A stay while a dispositive motion is pending is the exception rather than the rule."); *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 08-0774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss.").

Secretary Wescott has not submitted any compelling argument in support of finding that the arguments raised in his Rule 12 motion are a "close call" meriting a stay of discovery. *See Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. June 29, 2021).

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Stay Discovery and Reset Deadlines (R. Doc. 34) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 21, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6